# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD LEE MCDONALD (#N-23082), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 5302 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| PARTHASARATHI GHOSH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Donald Lee McDonald, an inmate presently incarcerated at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that the Defendants Dr. Parthasarathi Ghosh; Wexford Health Sources, Inc.; Assistant Warden Hosey; and Doctor Sanders, Dentist;[1] violated his constitutional rights by denying him adequate dental care. Presently before the Court is Defendants Dr. Ghosh and Wexford Health Sources's motion to dismiss Plaintiff's complaint for failure to state a claim. In their motion, Defendants Ghosh and Wexford argue that Plaintiff's complaint is deficient for several reasons, including: 1) Plaintiff's claims against Wexford do not adequately state a custom and policy sufficient to give Wexford notice of the claims against it, and 2) Plaintiff's claims against Dr. Ghosh are supervisory in nature.

Also before the Court is Defendant Assistant Warden Hosey's motion to dismiss for failure to state a claim. In his motion, Defendant Hosey argues that because he is a non-medical

---

[1]Doctor Sanders has not been served yet.

administrative prison official, he cannot be liable for any alleged deliberate indifference to Plaintiff's serious dental needs.

Plaintiff has responded to both motions to dismiss and filed a motion seeking examination by a specialist concerning dental disease. For the reasons stated in this order, Defendants Wexford and Hosey's motion to dismiss is denied, Defendant Hosey's motion to dismiss is granted, and Plaintiff's motion for examination is denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson* v. *Washington,* 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

Nevertheless, the allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

# BACKGROUND

Plaintiff alleges the following facts in complaint, which are accepted as true for purposes of a motion to dismiss. Plaintiff is incarcerated at Stateville Correctional Center. Plaintiff has gum disease which has caused him to lose one tooth, causing the above tooth to lower into the newly-empty cavity and press against the gum every time he chews his food. The dentist informed Plaintiff that this tooth will need to be pulled because Wexford will not pay for treatment for this problem. Wexford's policy also does not pay for treatment of gum disease. A second tooth also broke; this tooth was filled instead of extracted in order to save the cost of paying for a partial. However, the underlying gum disease has caused the tooth to chip, allowing the filling to fall out, leaving a hole in Plaintiff's mouth for weeks with nothing for the pain. The dentist told Plaintiff the tooth needed to be capped, rather than filled, but Wexford does not pay for capping a tooth. As a result, Plaintiff is in constant pain from the tooth and is unable to chew on that side of his mouth or allow hot or cold fluids to touch it. Plaintiff's gums have receded, exposing the roots and weakening his teeth. The only treatment has been a yearly scraping, which is considered cleaning.

Plaintiff further alleges that Dr. Ghosh, in carrying out Wexford's policies, refused to allow the dentist to adequately treat Plaintiff for his dental problems.

With respect to Defendant Hosey, Plaintiff alleges that he failed to tell the dentist to treat Plaintiff for his gum disease and failed to have the inmate commissary stock proper toothbrushes, dental floss, mouthwash, and toothpaste that would help prevent gum disease.

# ANALYSIS

## I. Defendants Wexford and Ghosh's Motion to Dismiss

### A. Plaintiff Adequately States a Custom and Policy as to Wexford

Defendant Wexford argues that Plaintiff fails to state a § 1983 claim because he does not adequately name or describe a custom and policy that violated Plaintiff's rights. Plaintiff's allegation as to Defendant Wexford is that it instituted a custom and policy of cost cutting measures. According to Plaintiff, the cost cutting measures resulted in the loss of a tooth because of gum disease and constant pain because a tooth was filled instead of capped.

The Seventh Circuit has held that a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000). The policy must be the direct cause or moving force behind the constitutional deprivation. *Id.*

Plaintiff's complaint more than adequately states a policy that was the direct cause or moving force behind what he alleges is constitutionally inadequate dental care. Defendants in their motion to dismiss argue that Plaintiff is required to plead a specific policy or practice, and that is what Plaintiff has done. Plaintiff's pleading satisfies the requirements of Fed. R. Civ. P. 8(a) and the notice pleading requirements established by the United States Supreme Court and has satisfactorily pled a claim for deliberate indifference against Defendant Wexford. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). Consequently, Defendants' motion to dismiss Wexford is denied.

### B. Plaintiff Adequately States a Cause of Action against Dr. Ghosh in His Individual Capacity

Defendants argue that Plaintiff's claims against Dr. Ghosh are supervisory in nature and therefore not actionable under § 1983. Plaintiff has adequately stated that Wexford has implemented a policy and practice that led to him receiving constitutionally inadequate dental care. Plaintiff further alleges that Defendant Ghosh, as the Medical Director for Wexford at Stateville, was responsible for implementing that policy, leading to inadequate care.

To the extent that Plaintiff is attempting to hold Dr. Ghosh liable in his individual capacity, Plaintiff must allege that he was personally involved in the alleged constitutional violation. Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)); *see also Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (*sua sponte* dismissal of complaint upheld for failure to allege personal involvement against the defendants).

Plaintiff alleges that Dr. Ghosh implemented a policy by Wexford at Stateville, which resulted in constitutionally inadequate dental care. *See* Plaintiff's complaint pp. A-B. Plaintiff

further alleges that every time he sees a dentist, he is told either the institution does not treat gum disease or to talk to Dr. Ghosh. *Id*. at p. B. When Plaintiff complained to Dr. Ghosh, he told Plaintiff that the state does not pay for one tooth. *Id.* at P. A. Plaintiff alleges that decisions made by Dr. Ghosh, in furtherance of Wexford's policies, have resulted in his not receiving any treatment for his gum disease. Consequently, Plaintiff has sufficiently pled a cause of action against Dr. Ghosh in his individual capacity, and Defendants' motion to dismiss Dr. Ghosh is denied.

    **C.    Plaintiff Has Adequately Stated a Claim for Deliberate Indifference as to Defendants Wexford and Ghosh**

Plaintiff's allegation that his constitutional rights were violated in regard to his dental care are analyzed under the rubric of an inmate's right to receive adequate medical treatment. *See Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005); *Boyce v. Moore*, 314 F.3d 884, 890 (7th Cir. 2002).

The Seventh Circuit emphasized in *Board* that:

> "[D]ental care is one of the most important medical needs of inmates." *See Wynn [v. Southward]*, 251 F.3d [588] at 593 [7th Cir. 2001] (*quoting Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)). In addition, a number of other courts have also held that dental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need. *See Fields v. Gander*, 734 F.2d 1313, 1314-15 (8th Cir. 1984); *see also Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (recession or bleeding of the gums); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir.1995) (deterioration of teeth due to lack of treatment); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (an interference with the ability to eat).

*Board*, 394 F.3d at 479.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). This encompasses a broader range of

6

conduct than intentional denial of necessary medical treatment, but it stops short of "negligence in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897, 117 S. Ct. 244, 136 L. Ed. 2d 173 (1996). An official is deliberately indifferent when he acts or fails to act "despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer*, at 842.

The fact that Plaintiff received **some** dental treatment does not necessarily defeat his claim; deliberate indifference to a serious dental need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," *Cavalieri v. Shepard*, 321 F.3d 616, 624 (7th Cir. 2003), as well as by no action at all.

Plaintiff alleges in his complaint that because of the cost cutting measures of Wexford and the implementation of these policies by Dr. Ghosh, he has not been treated for his gum disease, which caused him to lose one tooth, and that another tooth was filled instead of capped. As a result of this allegedly inadequate care, he suffers pain and is in danger of losing more teeth. Making no comment as to the potential for success on the merits of Plaintiff's claims, the Court finds that he has adequately stated a claim for pleading purposes. Consequently, Plaintiff has adequately stated a cause of action against Defendants Wexford and Dr. Ghosh for deliberate indifference to his serious dental needs and Defendants' motion to dismiss is denied.

### D. Plaintiff Has Not Stated a Claim as to Defendant Hosey

Plaintiff makes two claims against Defendant Hosey: First, he alleges that he informed Defendant Hosey, the warden of Programs, about the denial of treatment for gum disease; however, nothing was done. Second, he claims that the inmate commissary does not stock the

proper tooth brushes, dental floss, mouthwash, and toothpaste to prevent gum disease and Defendant Hosey has not rectified this situation.

"[N]on-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of a [plaintiff's] medical care." *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008). Defendant Hosey therefore cannot be held liable for not ordering that Plaintiff be treated for his gum disease.

Commissary is a privilege, not a right, *see Robinson v. Il State Corr. Ct. (Stateville)*, 890 F.Supp. 715, 718 (N.D. Ill. 1995). Although Plaintiff contends that longer toothbrushes and a different brand of toothpaste and other dental products would have helped prevent his gum disease, he has no constitutional right to have the items of his choice stocked in the commissary.

The Court accordingly grants Defendant Hosey's motion to dismiss and dismisses him from this action.

## II.     Plaintiff's Rule 35 Motion for Dental Examination

Plaintiff has brought a motion seeking the Court to order him physically examined by outside experts pursuant to Fed. R. Civ. P. 35. For the following reasons, Plaintiff's motion is denied.

Plaintiff seeks an examination by a specialist in dental diseases and to be given an X-ray and any other recommended examination to determine his current dental condition. The Court declines to order such an examination of Plaintiff at this time. Plaintiff has raised issues regarding the sufficiency of dental care provided to him at Stateville; however, he pleads multiple contacts with dental personnel. So, Plaintiff challenges the sufficiency of care, and does not allege a total lack of care.

Plaintiff should continue to seek dental care from the dentists at Stateville who are required to provide him with constitutionally adequate care. To the extent that Plaintiff's motion

is to provide him with material to answer discovery, such an examination is not required. Plaintiff should provide answers to discovery to the best of his ability and knowledge. Plaintiff's motion for a dental examination is denied.

## CONCLUSION

For the foregoing reasons, Defendants Wexford and Ghosh's motion to dismiss [#12] is denied. Defendants are given 30 days to answer Plaintiff's complaint, or otherwise plead. Defendant Hosey's motion to dismiss [#19] is granted and he is dismissed from this action. Plaintiff's motion for dental examination [#26] is denied.

The Clerk is directed to issue alias summons to Dr. Sanders, and the U.S. Marshal is directed to make all reasonable efforts to serve him. The Stateville Correctional Center is ordered to furnish the Marshal with Dr. Sanders's last known address. The information shall be used only for purposes of effectuating service and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file nor disclosed by the Marshal.

Dated: August 27, 2010

_____/s/_____

Joan B. Gottschall
United States District Court Judge